Minute Order Form (03/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 6856 | DATE | 6/13/2001 |
| CASE TITLE | Deborah Blackwell vs. American Airlines, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: We deny the cross-motions for summary judgment [52-1] brought by the plaintiff, Deborah Blackwell, and the defendant, American Airlines, Inc.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 14 2001 date docketed | 110 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 13 PM 5:14 | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH BLACKWELL, | ) | |
| | ) | DOCKETED |
| Plantiff, | ) | JUN 1 4 2001 |
| | ) | |
| v. | ) No. 98 C 6856 | |
| | ) | |
| AMERICAN AIRLINES, INC., | ) Honorable Wayne R. Andersen | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the cross motions for summary judgment brought by plaintiff Deborah Blackwell and defendant American Airlines, Inc. ("American"). For the following reasons, the cross motions for summary judgment are denied.

## BACKGROUND

Plaintiff Deborah Blackwell suffered a work-related injury to her left leg on October 27, 1991. Blackwell filed her first two charges of discrimination with the Equal Employment Opportunity Commission on October 28, 1993 and April 14, 1994 for American's alleged failure to accommodate her and for allegedly restricting her from bidding and placing her on an involuntary leave of absence. The EEOC never issued Right to Sue letters on those charges. Blackwell also filed a charge of discrimination for no accommodation with the EEOC on February 18, 1998. American discharged Blackwell on March 23, 1998, and she later amended that charge to include retaliatory discharge. In her most recent charge before the EEOC, plaintiff alleged that she had been discriminated against based upon her race and sex in violation of Title

VII, discriminated against on the basis of her disability in violation of the Americans with Disabilities Act and retaliated against for having filed previous charges of discrimination.

Following her discharge, Blackwell filed a grievance with the Transport Workers Union, AFL-CIO ("TWU") alleging that her discharge violated the just cause provision of the applicable collective bargaining agreement. The matter proceeded to arbitration and Blackwell ultimately was reinstated. The arbitrators determined that American had not sustained its burden of proving just cause for discharge. The arbitrators concluded that American failed to produce clear and convincing evidence to support its claim that Blackwell had violated the Company rules. Therefore, the arbitrators ordered that Blackwell be reinstated without backpay.

Blackwell subsequently brought this lawsuit alleging disability discrimination under the Americans with Disability Act (Count One), retaliation under Title VII (Count Two), and retaliation under state law (Count Three).

## DISCUSSION

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. Id. at 250; Waidridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

I. Collateral Estoppel

Blackwell's principal argument in support of her motion for summary judgment is that, under the principles of res judicata and collateral estoppel, the arbitrators' decision that American did not have just cause to discharge her bars American from arguing, in connection with her discrimination claim, that it had a legitimate, non-discriminatory reason for discharging her.

The doctrine of res judicata is inapplicable to this case because Blackwell's causes of action-discharge for just cause in the arbitration proceeding and discriminatory discharge in the federal lawsuit-ar e not the same. Pursuant to the Collective Bargaining Agreement, the arbitrators had no authority to hear or decide Blackwell's disability discrimination claim. The arbitrators' jurisdiction was only over "disputes between the Company and the Union or any employee or employees governed by this Agreement growing out of grievances involving interpretation or application of this Agreement." Thus, Blackwell did not present a discrimination claim to the arbitrators and they made no findings in that regard. Therefore, not only has there been no prior final judgment on the merits of the discrimination claim, but the two causes of action at issue clearly are not the same. Accordingly, res judicata does not apply.

Similarly, collateral estoppel does not bar American from articulating a legitimate, non-discriminatory reason for the discharge in this case because the issues presented at the arbitration on the question of just cause are different from the issues in this federal court action on the question of intentional disability discrimination. In the arbitration proceeding, the arbitrators' examination was limited to the issue of whether American established, by clear and convincing evidence, that it had just cause to discharge Blackwell. In other words, whether:

3

1) American established that Blackwell actually violated its rules and regulations; 2) whether that violation was serious enough to warrant discharge; and 3) whether the decision was reasonable and not arbitrary or capricious.

On the other hand, the issue in this case is whether Blackwell can establish by a preponderance of the evidence that she was a victim of intentional discrimination due to her alleged disability. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981). This necessarily requires a determination of whether Blackwell is actually disabled, was regarded as disabled, or had a record of a disability. 42 U.S.C. §12102(2); 29 C.F.R. § 1630.2(g). In the absence of direct evidence of discrimination, it must also be determined whether American can articulate a legitimate, non-discriminatory reason for Blackwell's discharge, whether Blackwell can show that this reason was a pretext for unlawful disability discrimination and whether Blackwell can prove that she was discriminated against because of her disability. Rothman v. Emory Univ., 123 F.3d 446, 451 (7th Cir 1997). The arbitrators could not, and did not, make any findings with regard to any of these issues.

Similar reasoning applies regarding Blackwell's retaliation claims. The arbitrator could not, and did not, make any findings regarding Blackwell's claim for retaliatory discharge. In this case, it must be determined whether Blackwell can prove by a preponderance of the evidence that Marshall Trotter, the decision-maker, discharged her because she filed EEOC charges and workers' compensation claims. This necessarily involves a determination of whether Trotter knew that Blackwell had filed such claims and whether the time gap between her filing of those claims and her discharge was significant enough to preclude any causal link between the two. The arbitrator had no occasion to consider or decide any of these issues.

4

Thus, because this case involves different issues, different burdens of proof and different legal standards than the arbitration proceeding, American is not barred from presenting its defense based on the principles of res judicata and collateral estoppel. The court, however, will determine at trial the admissibility of particular facts already adjudicated by the arbitrators. Therefore, we will proceed to analyze the cross-motions for summary judgment as to each count in the complaint.

II. Count One

To establish a claim of disability discrimination under the ADA, Blackwell must prove that: 1) she was disabled within the meaning of the ADA; 2) her work met American's legitimate expectations; 3) she was subjected to an adverse employment action; and 4) the circumstances surrounding the adverse action indicate that it is more likely than not that her disability was the reason for the adverse action. Weigel v. Target Stores, 122 F.3d 461, 465 (7th Cir. 1997).

Blackwell claims that she was disabled within the meaning of the ADA because she has a physical impairment which affects a major function of daily life activity. Specifically, she claims that she has a chronic back, hip and leg condition which constitutes a physical impairment and disability under the Act. Moreover, she claims that her ability to walk, crawl, climb, kneel and carry weight are affected. She further claims that she was regarded by American as having a disability and that she had a record of disability.

When determining whether an impairment is substantially limiting, courts should consider the nature and severity of the impairment, its duration or expected duration, and its permanence or longterm impact. EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 438 (7th Cir. 2000). In this case, disputed issues of material fact exist regarding whether Blackwell is disabled under the

ADA. Specifically, we believe that there is conflicting evidence surrounding whether Blackwell's condition substantially limits her daily life activities. Moreover, disputed issues of material fact exist regarding the severity of Blackwell's alleged impairment.

American claims that Blackwell cannot establish that she is disabled within the meaning of the ADA in light of her admission that she is able to perform her normal living activities including vacuuming, making the beds, grocery shopping, driving to work, walking for pleasure, climbing the stairs to her apartment, doing laundry, sweeping the floor, doing dishes and working. In fact, however, plaintiff's deposition reveals that she has some difficulty doing all of the above-listed daily life activities. The record is so cluttered with irrelevant facts and misstatements of facts, that this court cannot determine at this time with accuracy whether Blackwell is indeed disabled as a matter of law.

If reasonable persons applying the proper legal standard could differ as to whether an employee is disabled, has a record of disability, or was regarded as disabled, it is a question for the jury. Santiago Clemente v. Executive Airlines, Inc., 213 F.3d 25, 32 (1st Cir. 2000); Watson v. Southeastern Pennsylvania Transp. Authority, 1998 WL 633654 (E.D. Pa. 1998); Anderson v. Gus Mayer Boston Store of Delaware, 924 F. Supp. 763 (E.D. Tex. 1996). For these reasons, we cannot conclude whether Blackwell is disabled under the ADA as a matter of law, and the cross-motions for summary judgment on Count One are denied.

III. Count Two

In order to prove her case of retaliation under Title VII, Blackwell must prove that: 1) she engaged in statutorily protected expression or activity; 2) she suffered an adverse employment

action; and 3) there is a causal link between the protected expression and the adverse employment action. Silk v. City of Chicago, 194 F.3d 788, 800 (7th Cir. 1999).

American argues that no causal connection exists between Blackwell's filing charges of discrimination and Marshall Trotter's decision to discharge Blackwell because Trotter did not know that Blackwell had filed any charges or engaged in any other form of protected activity. Indeed, it is true that there is no causal link between protected activity and an adverse employment decision when the decision maker was unaware of the protected activity. Dey v. Colt Constr. & Dev. Co., 28 F.3d 1446, 1458 (7th Cir. 1994).

However, in this case, we find that whether Marshall Trotter, the decision maker, was aware that Blackwell had filed charges is a question of disputed fact. American claims that he was unaware that Blackwell had filed any charges, while Blackwell argues that "without a doubt, the Defendant and its managers were entirely aware of the February 18, 1998 EEOC charge by February 21, 1998." This, therefore, is a question of fact which precludes the entry of summary judgment.

IV. Count Three

In order to recover for the tort of retaliatory discharge predicted upon the filing of a workers' compensation claim, Blackwell must prove that: 1) she was an employee before the injury; 2) she exercised a right granted by the Worker's Compensation Act; and 3) she was discharged and the discharge was causally related to her filing a worker's compensation claim. Clemons v. Mechanical Devices Co., 184 Ill. 2d 328, 704 N.E.2d 403, 406, 235 Ill. Dec. 54 (1998).

American first argues that Marshall Trotter did not know at the time of Blackwell's discharge in1998 that she had filed or intended to file worker's compensation claims. Blackwell, however, claims that Trotter did have knowledge, citing Trotter's entries into American's Record of Supervisor's Discussion, among other evidence. As we discussed above, this is an issue of disputed material fact which precludes the entry of summary judgment.

Second, American argues that Blackwell's most recent workers' compensation claim was filed in 1995, three years prior to her discharge. American claims that such a significant time lapse precludes Blackwell from establishing a causal link. However, in her second amended complaint, Blackwell alleges that she filed seven workers' compensation claims for injuries she sustained while working at American. According to the second amended complaint, the last workers' compensation claim was filed for injuries occurring on June 11, 1997 as case no 98 WC 28053. Therefore, the most recent workers' compensation claim was filed in 1998. Thus, this is not such a significant gap in time between the filing of charges and the decision to discharge that a causal connection cannot be established. However, we also reject Blackwell's contention that she has established as a matter of law that the discharge was causally related to the filing of her workers' compensation claims. Therefore, the cross-motions for summary judgment at to Count Three are denied.

## CONCLUSION

For the foregoing reasons, we deny the cross-motions for summary judgment brought by the plaintiff, Deborah Blackwell, and the defendant, American Airlines, Inc.

It is so ordered.

───────────────────────────
Wayne R. Andersen
United States District Judge

Dated: June 13, 2001