# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6856 | **DATE** | 2/27/2003 |
| **CASE TITLE** | Deborah Blackwell vs. American Airlines, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny defendant's motion to dismiss portions of plaintiff's complaint pursuant to FRCP 12(b)(6) [118-1], and we deny plaintiff's motion to strike defendant's answer and affirmative defenses [121-1,2].**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 03 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 131 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) No. 98 C 6856<br>)<br>) Wayne R. Andersen<br>) District Judge<br>) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on two motions: (1) the motion of the defendant American Airlines Inc. ("American") to dismiss portions of plaintiff's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) the motion of the plaintiff to strike defendant's answer and affirmative defenses to plaintiff's third amended complaint. For the following reasons, we deny the defendant's motion to dismiss, and we deny the plaintiff's motion to strike.

## FACTS

Plaintiff Deborah Blackwell suffered a work-related injury to her left leg on October 27, 1991. Plaintiff filed her initial Complaint on October 22, 1998. We granted her leave to file her First and Second Amended Complaints on March 3, 1999 and February 9, 2000 respectively. These Complaints were based upon a Charge and Amended Charge of Discrimination filed by plaintiff with the Equal Employment Opportunity Commission ("EEOC") on or about February 18, 1998 and March 24, 1998 respectively. In those Charges, plaintiff alleged that she had been discriminated against

1

on the basis of her race and gender because her bid for Fleet Services Clerk was denied. Plaintiff further alleged that she was laid off, suspended, and discharged on the basis of disability and in retaliation for having filed previous charges of discrimination. Plaintiff was discharged on March 23, 1998, but was reinstated pursuant to an award of the System Board of Adjustment on March 1, 1999.

Plaintiff filed her Third Amended Complaint on January 15, 2002. Plaintiff was permitted to amend her Complaint a third time so that she could include allegations based upon two Charges of Discrimination that she filed on October 28, 1993 and April 14, 1994, but on which the EEOC only recently issued Right to Sue letters.

Defendant argues that in filing the Third Amended Complaint, plaintiff has improperly included allegations involving events that allegedly occurred after March 23, 1998, the date listed on her Amended Charge as the latest date on which she was discriminated against. Defendant argues that, because plaintiff did not file an EEOC Charge of Discrimination regarding the post-March 23, 1998 events, she cannot include those allegations in the Third Amended Complaint. Thus, defendant has filed a motion seeking to dismiss all post-March 23, 1998 allegations from the Third Amended Complaint because she did not exhaust her administrative remedies as to those claims.

In addition, plaintiff has filed a motion to strike and dismiss defendant's answer and affirmative defenses. We will address each of these motions in turn.

## **DISCUSSION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim, not whether the plaintiff will prevail on the merits. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). When deciding

2

a motion to dismiss, the Court must assume all facts in the complaint as true and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

I. Defendant's Motion To Dismiss

Title VII is to be construed and applied broadly. Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 167 (7th Cir. 1976) (citing Motorola, Inc. v. McLain, 484 F.2d 1339, 1344 (7th Cir. 1973)). In order to properly file suit pursuant to Title VII, an employee must first comply with the administrative filing requirements contained in 42 U.S.C. § 2000(e)-5(c),(e). The employee must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory events. Id. An employee who fails to exhaust administrative remedies by failing to include charges in its EEOC filings is precluded from bringing suit for those charges. Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996) (citing Chambers v. American Trans Air, Inc., 17 F.3d 998, 1003 (7th Cir. 1994)).

An employee "may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." Id. In determining whether the allegations fall within the scope of the EEOC charge, courts look at whether they are like, or reasonably related to, those contained in the EEOC complaint. Id. If they are like, or reasonably related, "the court

3

then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." Id.

Defendant argues that plaintiff failed to exhaust administrative remedies because plaintiff's Third Amended Complaint contains allegations pertaining to conduct that occurred after her last charge of discrimination was filed with the EEOC on March 24, 1998. Defendant asks this Court to dismiss portions of plaintiff's Third Amended Complaint, specifically paragraphs 16, 23 and 39, which contain allegations arising after March 23, 1998, the last day plaintiff claimed discrimination in its EEOC filing. We disagree.

In plaintiff's Third Amended Complaint, paragraphs 16, 23 and 39 allege that defendant had a practice of failing to reasonably accommodate plaintiff with her work restrictions under the ADA beginning in 1992 and continuing to March 2000. Based on the scant evidence before us at this time, the allegations in these paragraphs seem to be like, and reasonably related to, the allegations described in the four EEOC charges filed by plaintiff. Even though plaintiff did not present any charges to the EEOC after March 24, 1998, the charges that occurred after that date reasonably could have developed from the EEOC's investigation of the four charges before it. However, at the close of plaintiff's case at trial, we will reexamine plaintiff's evidence to determine whether the events which occurred after March 24, 1998 are reasonably related to the allegations described in the EEOC charges. Therefore, defendant's motion to dismiss portions of plaintiff's Third Amended Complaint is denied at this time.

II. Plaintiff's Motion To Strike Defendant's Answer And Affirmative Defenses

A. Defendant's Answer

A motion to strike an answer will be denied if no prejudice can result from the challenged allegations. Maksym v. Loesch, 1989 U.S. Dist. LEXIS 7700, at *3 (N.D. Ill. Jun. 26, 1989). Plaintiff argues that defendant's answer asserting legal conclusions and containing language such as "speaks for itself" violates Federal Rule of Civil Procedure 8(b) and therefore should be stricken. We disagree. First, plaintiff failed to show how she would be prejudiced by the challenged allegations. Second, defendant's language such as "speaks for itself" refers to either statute language from the ADA or the Code of Federal Regulations or plaintiff's written charges to the EEOC. Defendant used such language not out of a desire to avoid responding to those allegations, but to ensure that no unintended inferences could be drawn from admitting or denying language contained in a statute. Since plaintiff failed to show how she would be prejudiced by the challenged allegations, her motion to strike defendant's answer is denied.

B. Defendant's Affirmative Defenses

Affirmative defenses require a short and plain statement of the defense. Heller Financial, Inc. v. Midwhey Powder Co., 883 F. 2d 1286, 1294 (7th Cir. 1989). Federal Rule of Civil Procedure 8(c) lists nineteen defenses which can be pled as affirmative defenses. See Fed. R. Civ. P. 8(c). Rule 8(c) states, "in pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, ... and any other matter constituting an avoidance or affirmative defense." Id. Thus, the affirmative defenses specifically enumerated in Rule 8(c) are not exhaustive.

Furthermore, motions to strike affirmative defenses are disfavored and will not be granted, "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inerrable from the pleadings." Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991). An affirmative defense will not be stricken if it is "sufficient as a matter of law or if it presents questions of law or fact." Midwhey, 883 F.3d at 1294. Motions to strike are disfavored since they are potentially used only to delay. Id. However, motions to strike will be granted to remove unnecessary clutter from a case in order to expedite the case. Id. Furthermore, affirmative defenses that were also raised in a defendant's motion to dismiss are legally insufficient since they are merely restatements of arguments already decided by the court. Id.

Plaintiff argues that the following affirmative defenses raised by defendant should be stricken: defendant's first affirmative defense for failure to state a claim; defendant's third affirmative defense for proper discharge; defendant's fourth affirmative defense for lack of disability under the ADA; and defendant's sixth affirmative defense for lack of subject matter jurisdiction.

Plaintiff first argues that defendant's first, third and fourth listed affirmative defenses should be stricken because they are not listed as "available" under Fed.R.Civ.P. 8(c) and because they are legal conclusions that already are at issue in light of defendant's denials of the allegations of the Third Amended Complaint.

First, it is clear that the affirmative defenses specifically enumerated in Rule 8(c) are not an exhaustive list of available affirmative defenses. In addition, defendant's first, third and fourth affirmative defenses should not be stricken merely because they may be

similar to denials to the allegations of the Third Amended Complaint. Courts have routinely held that affirmative defenses will not be stricken even if they are redundant of general denials "given that it may be difficult to determine whether a particular matter should be plead affirmatively. . . . The pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense." Venta v. Top Disposal II, Inc., No. 00 C 3172, 2001 U.S. Dist. LEXIS 1076, at * 5 (N.D. Ill. Feb. 7, 2001). For these reasons, we deny plaintiff's motion to strike defendant's first, third and fourth affirmative defenses.

Plaintiff also argues that defendant's fifth affirmative defense–that plaintiff failed to mitigate her damages–should be stricken because defendant failed to provide a short and plain statement of the defense and because raising the defense now is premature. We disagree. Defendant properly pled its fifth affirmative defense with a short and plain statement of its defense when defendant stated that "plaintiff ha[d] failed to mitigate her damages, if any." Thus, plaintiff's motion to strike defendant's fifth affirmative defense is denied.

Lastly, plaintiff argues that defendant's sixth affirmative defense–that this court lacks subject matter jurisdiction–should be stricken since defendant failed to provide a short and plain statement of the defense and because defendant allegedly failed "to state any basis for their contention that the Court lacks subject matter jurisdiction." We disagree. Defendant provided a short and plain statement of its defense and a basis for it when it stated that "the Court lacks subject matter jurisdiction over any claims of discrimination and/or retaliation for which plaintiff failed to exhaust her administrative

remedies." Thus, plaintiff's motion to strike defendant's sixth affirmative defense is denied.

## CONCLUSION

For the foregoing reasons, we deny defendant's motion to dismiss portions of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (# 118-1), and we deny plaintiff's motion to strike defendant's answer and affirmative defenses (# 121-1, 121-2).

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: February 27, 2003