# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6856 | **DATE** | 9/16/2003 |
| **CASE TITLE** | Deborah Blackwell vs. American Airlines, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter **MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion of defendant American Airlines to dismiss count one (1) of plaintiff's third amended complaint [128-1].**

(11) ■ [For further detail see order attached to the original minute order.]

Document Number: 141

Date docketed: SEP 1 7 2003

courtroom deputy's initials: TSA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH BLACKWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 98 C 6856 |
| | ) |
| AMERICAN AIRLINES, INC., | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

DOCKET
SEP 17 2003

## MEMORANDUM, OPINION AND ORDER

This matter comes before the Court on Defendant American Airlines' motion to dismiss Count One of Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff Deborah Blackwell ("Blackwell") began full-time employment with Defendant American Airlines Inc. ("American") in January 1989 as a Fleet Service Clerk. American and the Transportation Workers Union of America, of which Blackwell is a member, were parties to a collective bargaining agreement ("CBA") governing the wages, hours and conditions of employment in connection with American's fleet service employees. At some point during Blackwell's employment with American, Blackwell suffered injuries to her left knee and an injury to her back. Consequently, in 1992, American placed Blackwell on various work restrictions. In October 1993, Blackwell filed a charge of discrimination against American with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that American discriminated against her and other disabled workers by not permitting them to bid for a transfer or bid for a promotion to Crew Chief because of their physical disabilities.

(41)

In April 1994, Blackwell filed a second charge of discrimination with the EEOC alleging: 1) that she was denied the opportunity to bid for an open position despite the fact that she had the seniority to bid for the position; 2) that American interfered with the processing of her insurance claims; and 3) that American placed her on an involuntary medical leave of absence because of her physical disability.

In October 1996, American accommodated Blackwell by placing her in Bag Room Support, under the Fleet Service Clerk. Some time around January 1998, Blackwell bid for the position of Fleet Service Clerk, at which time American had Blackwell evaluated by Novacare so that it could determine Blackwell's functional capacity. Novacare reported that Blackwell was functioning with a maximum lift of 15 pounds and a frequent lift of 10 pounds and did not recommend Blackwell for the Fleet Service Clerk position without reasonable accommodation in light of Blackwell's physical capabilities, or lack thereof.

In February 1998, American placed Blackwell on leave of absence stating that it had no position with which it could accommodate her, although it was later ordered by a three-member system adjustment board under the Railway Labor Act ("RLA") to reinstate Blackwell, which took place in March 1999.

After Blackwell was placed on leave of absence, she filed her third charge of discrimination with the EEOC alleging that her bid for Fleet Service Clerk was denied and she was laid off because of her disability. In July 1998, the EEOC issued a notice of right to sue letter to Blackwell, and Blackwell filed her first complaint in this case within ninety days thereafter.

On January 4, 2002, Blackwell filed her Third Amended Complaint ("Complaint").

American has moved to dismiss Count One, the ADA claim, for lack of subject matter jurisdiction. In its motion, American argues that the RLA preempts the claims in Count One because they depend on an interpretation of the CBA.

## DISCUSSION

Rule 12(b)(1) provides for the dismissal of claims over which the federal court lacks subject matter jurisdiction. For the purposes of a motion to dismiss for lack of subject matter jurisdiction, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Martin v. Shalala,* 63 F.3d 497, 501 (7th Cir. 1995)(*citing Rueth v. U.S. Environmental Protection Agency*, 13 F.3d 227, 227 (7th Cir. 1993)). However, in reviewing a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the four corners of the complaint, but instead may look beyond the complaint and view any extraneous evidence submitted by the parties. *United Transportation Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(*citing Bowyer v. U.S. Dept. of Air Force*, 875 F.2d 632, 635 (7th Cir. 1989)). Further, the plaintiff bears the burden of establishing that it has satisfied the jurisdictional requirements of the court. *Kontos v. US. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). Keeping these principles in mind, the Court examines American's motion.

American moves this Court to dismiss Count One of Blackwell's Complaint on grounds that the claims in Count One, alleging violations of the ADA, are preempted by the RLA because the claims are grounded in claims of contractual rights arising under the CBA and, therefore, cannot be resolved without interpreting the CBA. Blackwell contends that the claims in Count One involve the ADA, an independent federal statute that cannot be preempted by the RLA.

Further, Blackwell claims that even if the RLA preempted claims involving disputes that require an interpretation of a collective bargaining agreement, her claims can be resolved without interpreting the CBA, therefore, giving the Court subject matter jurisdiction over her claims.

I. The RLA Precludes Federal Courts from Hearing Minor Disputes.

The RLA establishes a mandatory arbitral process for settling major and minor disputes promptly to promote stability in labor-management relations. *Brown v. Illinois Central Railroad Co.*, 254 F.3d 654, 658 (7th Cir. 2001). While major disputes relate to the formation of collective bargaining agreements or efforts to secure them, minor disputes "gro[w] out of the interpretation or application of agreements covering rates of pay, rules, or working conditions . . . and involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Brown*, 254 F.3d at 658 (*quoting Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994)). The ADA prohibits employment discrimination against qualified individuals with disabilities, which includes failing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. 42 U.S.C.§ 12112 (b)(5)(A).

At the outset, it seems that this Court is faced with two federal statutes that are independent of each other. However, the Seventh Circuit has addressed the issue of which federal statute will take precedence over the other in a case such as this. In *Coker v. Transworld Airlines, Inc.*, 165 F.3d 579, 584, the Court found that the choice of which federal statute takes precedence requires an analysis of both statutes to determine whether they are compatible or can be harmonized. In an effort to harmonize the ADA with the RLA, the Seventh Circuit has held that the RLA will continue to have exclusive jurisdiction over minor disputes brought under the

ADA-- meaning that the RLA will not bar a plaintiff from bringing an independent state or federal claim in court unless the claim could be "conclusively resolved" by the interpretation of a collective bargaining agreement. *Brown*, 254 F.3d at 664. In order to constitute a minor dispute, the heart of the dispute between the parties must be intertwined with the collective bargaining agreement, whereby an interpretation of the agreement is necessary to resolve the dispute. In such a case, the RLA will take precedence over the ADA, thereby denying a federal court subject matter jurisdiction over the dispute. Therefore, the dispositive question in this case is whether the Court must interpret the CBA to resolve Blackwell's claims in Count One. If it must, the Court lacks subject matter jurisdiction over those claims.

II. Blackwell's Claims Constitute a Minor Dispute

American asserts that the CBA's arbitration procedure is Blackwell's exclusive remedy because the CBA must be interpreted to resolve Blackwell's claims. Blackwell's claims in Count One revolve around her argument that American violated certain bidding and transfer rights which she was entitled to when American denied her bid for Fleet Service clerk. American denies Blackwell had these rights. An employer has no inherent duty to allow employees to bid for other jobs within the company or transfer to other locations. Therefore, the only basis on which Blackwell could be entitled to bid for other jobs and transfer to other locations is through the CBA. *See Tice v. American Airlines, Inc.*, 288 F.3d 313, 316 (7th Cir. 2002). Hence, resolving the dispute necessarily depends on an interpretation of the CBA to determine whether Blackwell was afforded these rights under the provisions of the CBA.

Blackwell cites to *Brown v. Illinois Central Railroad*, 254 F.3d 654 (7th Cir. 2001), to argue that purely factual questions about an employee's or employer's conduct and motives do not

require a court to interpret a term of a collective bargaining agreement and are, therefore, not preempted by the RLA. 254 F.3d at 667-68. We agree with this position, but deny that it is analogous in this case. Blackwell's claims are more than factual questions. The conduct of American is not in question, as American admitted that it denied Blackwell's request to bid on other jobs she felt entitled to and denied her request to transfer to other locations. The issue before the Court is why American denied her requests. Blackwell claims American denied her requests by discriminating against her because of her disability, while American contends that it denied her requests because she was not entitled to these requests under the seniority, bidding, transfer, qualification and promotion provisions of the CBA. Therefore, the Court would have to look at the CBA to determine what the qualifications were for the jobs Blackwell claims she was entitled to, the procedures for bidding and transferring, and the seniority system in place.

For these reasons, we find that resolution of the claims made in Count One of the Complaint requires an examination into, and interpretation of, the terms of the Collective Bargaining Agreement between Blackwell's Union and the Defendant American. Therefore, Blackwell's claims in Count One are preempted by the Railway Labor Act, and this Court has no jurisdiction to hear them. Thus, Count One of Blackwell's Third Amended Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, we grant the motion of Defendant American Airlines to dismiss Count One of Plaintiff's Third Amended Complaint (# 128-1).

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 16, 2003